WILSON, Circuit Judge,
concurring:
Judge Monk’s decision to step across the threshold of the interrogation room and speak with Callahan, out of court, seems unusual to me. It is not surprising that no case presenting materially the same facts has ever reached the Supreme Court. Yet, lacking any Supreme Court decision saying so, the state court’s decision denying relief on the recusal claim is not, under the standards set forth by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), contrary to or an unreasonable application of clearly established federal law. Therefore, I agree that the district court erred in granting habeas relief on the ground that Judge Monk’s failure to recuse himself denied Callahan a fair trial.
As to the second issue, I agree with the court’s analysis in denying Callahan relief on his ineffective assistance of counsel claim during the guilt-phase of the proceeding. Whether Callahan was denied the effective assistance of counsel during the penalty-phase is a somewhat more difficult proposition, since Callahan’s penalty-phase lawyer had died by the time of the post-conviction hearing. Consequently, there is no evidence regarding any preparation he did for the mitigation effort. There is no evidence that he performed any substantial investigation into Callahan’s background, or attempted to call *939 family members other than Callahan’s aunt. Following Chandler v. United States, 218 F.3d 1305 (11th Cir.2000) (en banc), we “presume that he did what he should have done, and that he exercised reasonable professional judgment”. Id. at 1314 n. 15 (quoting Williams v. Head, 185 F.3d 1223, 1228 (11th Cir.1999)). In Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), defense counsel investigated Wiggins’s youth, were aware of his background, and hired a psychologist and criminologist (who testified at trial), and the Supreme Court still held their performance to be constitutionally ineffective. Here, we have no idea whether Knight did any of these things; but, since we are bound by our circuit precedent, we presume that he did.